# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55229-9-II |
| Respondent, | |
| v. | |
| BENITO SERVANDO MARQUEZ, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Benito Marquez pleaded guilty to one count of murder in the first degree and one count of assault in the first degree. The superior court found he was indigent and stated that Marquez could not afford to pay discretionary legal financial obligations (LFOs). Marquez's judgment and sentence also contained a finding that he was indigent, but ordered a community custody supervision fee (a discretionary LFO). Marquez appeals, arguing that the superior court erred in imposing a supervision fee after finding him indigent. We agree and remand to the superior court to strike the discretionary LFO.

## FACTS

When he was 16 years old, Marquez lured his friend to the woods and killed him. He pleaded guilty to murder in the first degree and assault in the first degree and the superior court sentenced him to 320 months of confinement and 36 months of community custody. During his sentencing hearing, the superior court determined Marquez was indigent and stated, "I will find that he does not have the ability to pay on the discretionary [LFOs]." Report of Proceedings (Nov. 23, 2020) at 40. The court went on to state that it was imposing a $500 victim assessment, a $100

DNA (deoxyribonucleic acid) collection fee, and restitution. In the judgment and sentence, the court found that Marquez was indigent. The court also imposed a community custody supervision fee. Marquez appeals the imposition of the supervision fee.

ANALYSIS

Marquez argues that the superior court erred when it imposed a community custody supervision fee after finding he was indigent.

Before imposing costs and fees, RCW 10.01.160(3) requires a superior court to conduct, on the record, an individualized inquiry into a defendant's ability to pay. *State v. Ramirez*, 191 Wn.2d 732, 745-46, 426 P.3d 714 (2018). RCW 10.01.160(3) states in relevant part, "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3) (a) through (c)."

The trial court may also impose discretionary fees under RCW 9.94A.703(2)(d). RCW 9.94A.703 states, "When a court sentences a person to a term of community custody, the court shall impose conditions of community custody as provided in this section. . . . (2) **Waivable conditions**. Unless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . (d) Pay supervision fees as determined by the department." Therefore, supervision fees are discretionary. RCW 9.94A.703(2)(d).

Supervision fees are not "costs" under RCW 10.01.160(3), and therefore a trial court may impose them after a finding of indigency. *State v. Spaulding*, 15 Wn. App. 2d 526, 536-37, 476 P.3d 205 (2020). However, we reverse the imposition of discretionary LFOs when a trial court states during sentencing that it intends to waive such fees but imposes them on the judgment and sentence. *State v. Bowman*, No. 99062-0, slip op. at 23 (Wash. Nov. 10, 2021), http://www.courts.wa.gov/opinions/pdf/990620.pdf.

Here, the superior court determined Marquez was indigent and stated he could not afford to pay discretionary LFOs. The court then stated which LFOs it was imposing. The court did not state it was imposing the supervision fee, but imposed it nonetheless in the judgment and sentence. Under *Bowman*, we remand to the trial court to strike the supervision fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, A.C.J.

Price, J.